UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL L. HILL,

        Plaintiff,                          Case No. 19-CV-12198
                                              HON. GEORGE CARAM STEEH
    v.

BAYER CORPORATION, et al.,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION [ECF NO. 31]

This matter is before the court on plaintiff April Hill's motion for reconsideration of the Court's order granting defendants' motion to dismiss (ECF No. 29). For the reasons stated below, plaintiff's motion is DENIED.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

In her motion for reconsideration, plaintiff first argues that the Court should have given her the opportunity to amend her complaint where it found a deficiency in the pleadings. In support of this argument, plaintiff cites to state procedural court rules and state caselaw, all of which are inapplicable in this federal court proceeding.

Next, plaintiff argues that the Court misinterpreted the Sixth Circuit's holding in *Cupek v. Medtronic, Inc.*, 405 F.3d 421 (6th Cir. 2005) to suggest that the Court of Appeals would not recognize a state law failure-to-warn tort claim for a medical device manufacturer's alleged failure to report adverse events to the FDA. The Court undertook an in-depth analysis of the issue in its opinion and order, and while the plaintiff disagrees with the Court's conclusion, she does not raise a palpable defect by which the Court was misled. The Court also notes that in her response to defendants' motion to dismiss, which devoted four pages to this argument, plaintiff responded with two paragraphs and only addressed one of the many cases relied on by defendants and the Court. "It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Finally, plaintiff argues that the Court held her to an unreasonably high standard of pleading a negligent failure-to-warn claim by requiring her to show

what the manufacturer knew or did not know prior to discovery. This is not the Court's holding. The Court held that Michigan applies the learned intermediary doctrine, wherein any duty to warn is owed to the physician and not to the patient or the FDA. The Court then found that plaintiff based her negligent failure-to-warn claim on Bayer's alleged failure to warn the FDA of adverse events. This claim was ultimately dismissed not for a failure to plead an element of the cause of action, but because the Court found the claim was impliedly preempted.

Now, therefore, for the reasons stated above,

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is DENIED.

Dated: October 5, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 5, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---